# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DAVID ROARK,

        Defendant-Appellant.

UNPUBLISHED
October 20, 2015

No. 316467
Wayne Circuit Court
LC No. 08-009312-FC

Before: FORT HOOD, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion for relief from judgment. Defendant was convicted pursuant to a guilty plea of first-degree criminal sexual conduct (CSC 1), MCL 750.520b(i)(b)(*ii*), and child sexually abusive activity, MCL 750.145c. The trial court sentenced defendant to 14 to 25 years' imprisonment for the CSC 1 conviction and 10 to 20 years' imprisonment for the child sexually abusive activity conviction. On appeal, defendant argues that he is entitled to withdraw his plea because the trial court failed to advise him of mandatory lifetime electronic monitoring, which rendered his plea involuntary. We agree, and vacate the trial court's order denying defendant's motion for relief from judgment and remand for further proceedings.

This Court reviews for an abuse of discretion a trial court's denial of a defendant's motion for relief from judgment, *People v Fonville*, 291 Mich App 363, 375-376; 804 NW2d 878 (2011), and reviews a trial court's findings of fact supporting its ruling for clear error, *People v McSwain*, 259 Mich App 654, 681-682; 676 NW2d 236 (2003). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes."

---

[1] Defendant filed a delayed application for leave to appeal the trial court's denial of his motion for relief from judgment with this Court on May 29, 2013, which this Court denied. *People v Roark*, unpublished order of the Court of Appeals, entered October 25, 2013 (Docket No. 316467). Defendant then applied for leave to appeal with the Michigan Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Roark*, 497 Mich 895; 855 NW2d 743 (2014).

-1-

*Fonville*, 291 Mich App at 376. This Court reviews constitutional issues de novo. *People v Cole*, 491 Mich 325, 330; 817 NW2d 497 (2012).

MCR 6.310(C) provides that a defendant may file a motion to withdraw a plea within six months after sentencing, which defendant failed to do. Accordingly, defendant could only seek relief by way of a motion for relief from judgment pursuant to MCR 6.508(D)(3), which provides, in relevant part:

> (D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion

> * * *

> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates

> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and

> (b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,

> * * *

> (ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand[.]

In sum, defendant must show good cause and actual prejudice. Actual prejudice may result from an involuntary plea agreement.

Here, defendant demonstrated good cause for failing to raise this issue in a timely appeal or motion. Good cause can be established by proving ineffective assistance of appellate counsel. *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995). In granting leave to appeal to this Court, the Michigan Supreme Court specifically found that defendant's initial appellate counsel failed to comply with the minimum standards for indigent defense counsel by abandoning defendant's appeal without withdrawing from representation, and imposed costs against the attorney. *People v Roark*, 497 Mich 895; 855 NW2d 743 (2014). After defendant's appellate counsel abandoned his appeal, defendant filed a motion for relief from judgment on his own behalf, which led to the current proceedings. Accordingly, we conclude that defendant has demonstrated good cause for his failure to raise the involuntary plea issue at an earlier time based on ineffective assistance of counsel.

Defendant has also demonstrated actual prejudice. The Due Process Clause of the Fourteenth Amendment requires that a guilty plea be voluntary and knowing. *McCarthy v*

*United States*, 394 US 459, 466; 89 S Ct 1166; 22 L Ed 2d 418 (1969). Michigan codified this constitutional mandate in MCR 6.302(A), which states that a trial court "may not accept a plea of guilty . . . unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A); *People v Brown*, 492 Mich 684, 688-689; 822 NW2d 208 (2012). The United States Supreme Court has held that, for a plea to be understanding and voluntary, a defendant must be "fully aware of the direct consequences" of the plea. *Brady v United States*, 397 US 742, 755; 90 S Ct 1463; 25 L Ed 2d 747 (1970). At the very least, the defendant must be informed of "the maximum possible prison sentence for the offense and any mandatory minimum sentence required by law[.]" MCR 6.302(B)(2). Incorporating the *Brady* Court's "direct consequences" language, Michigan courts have determined that, for a plea to be knowingly and voluntarily made, the trial court must ensure that the defendant has been informed of any condition that represents "a definite, immediate and largely automatic effect on the range of defendant's punishment." *Cole*, 491 Mich at 333-334 (citation omitted).

In *Cole*, our Supreme Court held that mandatory lifetime electronic monitoring, required pursuant to MCL 750.520n(1), is not only a direct consequence of a defendant's guilty plea, but part of the sentence itself. *Cole*, 491 Mich at 335-337. Therefore:

> [W]hen the governing criminal statute mandates that a trial court sentence a defendant entering the plea that he or she will be subject to mandatory lifetime electronic monitoring, due process requires the trial court to inform the defendant entering the plea that he or she will be subject to mandatory lifetime electronic monitoring. And because MCR 6.302 is premised on constitutional due-process requirements, a defendant who will be subject to mandatory lifetime electronic monitoring must be so advised by the trial court at the time of the plea hearing in order to satisfy the court rule's requirement that the plea be understanding and voluntary. [*Id.*]

In light of the *Cole* decision, defendant has demonstrated that his plea agreement was defective. Because defendant pled guilty to criminal sexual conduct under MCL 750.520b, MCL 750.520n required that he be subject to lifetime electronic monitoring as part of his sentence. There was no record evidence that defendant was informed of the impending imposition of lifetime electronic monitoring prior to entering his guilty plea. While defendant's compliance with the Sex Offenders Registration Act ("SORA") was an explicit term of the written plea agreement and defendant indicated at the plea hearing that he understood that he would be subject to SORA's requirements, this did not establish that defendant understood he would also be subject to lifetime electronic monitoring. Accordingly, the trial court clearly abused its discretion when it denied defendant's motion for relief from judgment on the erroneous factual basis that "both the written plea form and defendant's plea on the record reveal the defendant was subject to the mandatory electronic tethering specifically required by statute." Additionally, we are not convinced that the trial court's belated and fleeting mention of lifetime electronic monitoring after the sentencing proceeding concluded rendered defendant's guilty plea knowing and voluntary. Both the *Cole* decision and MCR 6.302 require that defendant be adequately informed *before* the trial court may accept defendant's guilty plea. MCR 6.302(A); see *Cole*, 491 Mich at 337. After *Cole*, a defendant who has not been informed of his exposure to lifetime electronic monitoring is entitled to withdraw his guilty plea. *Cole*, 491 Mich at 338.

Contrary to the prosecutor's assertion on appeal, the fact that defendant's involuntary plea entered in 2008, several years prior to the 2012 *Cole* decision, does not render *Cole*'s holding inapplicable to the present case. It is true that, absent a substantial change in law that is to be applied retroactively, see *People v Carp*, 496 Mich 440, 469-470; 852 NW2d 801 (2014), the validity of a guilty plea is to be determined under the law on the day the plea is taken. *People v Ward*, 459 Mich 602, 611; 594 NW2d 47 (1999). However, *Brady*'s constitutional requirement that defendant be apprised of the "direct consequences" of his guilty plea before his plea could be considered knowing and voluntary had been a rule for decades by the time defendant entered his plea, *Brady*, 397 US at 748, and the *Cole* decision did nothing to change *Brady*'s constitutional mandate. A rule is "new" when it "breaks new ground, imposes a new obligation on the States or the Federal Government, or was not dictated by precedent existing at the time the defendant's conviction became final." *Carp*, 496 Mich at 472 (internal citations and quotations omitted). The *Cole* Court's decision did not present a new rule because a reasonable jurist considering defendant's claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the same holding reached in *Cole* was required by the Constitution. *People v Maxson*, 482 Mich 385, 388-389; 759 NW2d 817 (2008). Because *Cole*'s holding represented an application of an existing rule, and not the creation of a new rule, it is "applied retroactively even to cases that became final for purposes of direct appellate review before the case on which defendant relied for the rule was decided." *Carp*, 496 Mich at 471-472.

The defect in defendant's plea proceedings was such that it rendered the plea an involuntary one, and it would be manifestly unjust to allow the convictions to stand. This holding is mandated by due process and the severity of lifetime electronic monitoring as a sentencing requirement. As our Supreme Court has stated:

> When a defendant agrees to plead guilty, he or she is making a bargain, giving up trial rights in exchange for some perceived benefit. In order for a defendant to accurately assess the benefits of the bargain being considered, the defendant must be aware of the immediate consequences that will flow directly from his or her decision. Without information about a consequence of a sentence deemed by our Legislature to be punishment, which here entails having to wear a device and be electronically tracked "from the time the individual is released on parole or from prison until the time of the individual's death," MCL 791.285(1)(a), it cannot be said that a defendant was aware of the critical information necessary to assess the bargain being considered. [*Cole*, 491 Mich at 337-338.]

MCR 6.310(C) provides the remedy for a violation of MCR 6.302(B)(2), which includes the requirement that the trial court fully inform defendant of the direct consequences of his guilty plea. *Brown*, 492 Mich at 702. Because defendant was not given the required notice, this case is remanded to the trial court. Pursuant to MCR 6.310(C), defendant may elect to allow his sentence to stand or withdraw his plea, "in which case the trial court must vacate his conviction and sentence. In the latter event, the matter may proceed to trial." *Brown*, 492 Mich at 703.

Defendant also argues that his trial counsel was ineffective for failure to advise him of the direct consequences of his guilty plea. Based on our disposition regarding defendant's initial argument on appeal, it is unnecessary to review defendant's ineffective assistance claim.

-4-

The trial court's denial of defendant's motion for relief from judgment is vacated. We remand to the trial court with instructions to allow defendant to withdraw his plea. If defendant withdraws the plea, the prosecutor may reinstate all charges, including those that were dismissed as a result of defendant's acceptance of the plea agreement. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly